**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 04-0472-PHX-EHC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Jose Cesar Rivera-Jimenez, | ) | |
| Defendant. | ) | |

On October 29, 2009, Defendant filed a letter addressed to the Clerk of Court which was noted as a Motion (Dkt. 22) on the docket. In an Order (Dkt. 24 - Order) filed on November 6, 2009, the Court directed Defendant to file a certificate showing service of the Notice/Motion on the United States Attorney. On March 17, 2010, Defendant filed a Notice of Service (Dkt. 30). On April 14, 2010, the United States filed a Response (Dkt.32) opposing Defendant's Notice/Motion.

In the Notice/Motion, Defendant says he is currently incarcerated on a conviction for illegal re-entry after deportation and that his projected release date is July 31, 2012. Defendant says that upon his arrival at the Corrections Corporation of America facility regarding this sentence, he was notified of a detainer imposed on him concerning a supervised release violation in CR-04-0472-PHX-EHC. Defendant requests to plead no contest to the violation in CR-04-0472-PHX-EHC. Defendant says that, due to his incarceration, he is unable to appear in person on the alleged violation and asks that the Court

enter his plea and impose a sentence that runs concurrently to the sentence he is presently serving. Defendant says he is enclosing a waiver of counsel so the proceedings can be "carried through immediately."

The United States argues in its opposition that a defendant may not voluntarily absent himself from sentencing until after he has made at least one court appearance and therefore Defendant's waiver of appearance to allow a sentence in *absentia* is prohibited under the Federal Rules of Criminal Procedure. The United States argues that it is the policy of the Sentencing Guidelines that a sentence imposed for a violation of supervised release should run consecutively to any sentence imposed for a crime that is the basis for the revocation, citing United States v. Contreras, 63 F.3d 852, 855 (9th Cir. 1995).

The Court will not enter Defendant's plea. Defendant's Notice/Motion is not sufficient to constitute any waiver regarding the violation that is the basis of the detainer or Defendant's appearance. Defendant has not demonstrated that he will sustain actionable prejudice if the proceedings concerning the supervised release violation are completed after he has served his present sentence.

Accordingly,

**IT IS ORDERED** that Defendant's Notice/Motion (Dkt. 22) is denied.

DATED this 30th day of April, 2010.

_____
Earl H. Carroll
United States District Judge